# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 4, 2015

Jennifer Trumpower
366 South Locust Street
Hagerstown, Maryland 21740

Jennifer Hope Stinnette
Social Security Administration
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

>       RE:     *Jennifer Trumpower v. Commissioner, Social Security Administration*;
>               Civil No. SAG-14-2835

Dear Ms. Trumpower and Counsel:

On September 5, 2014, Plaintiff Jennifer Trumpower petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income.  (ECF No. 1).  I have considered Defendant's Motion for Summary Judgment.  (ECF No. 22).  I have also considered correspondence and evidence from Ms. Trumpower, who appears *pro se*.  (ECF Nos. 21, 24).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2014).  This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will grant the Commissioner's motion and affirm her judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Ms. Trumpower protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on October 15, 2010.  (Tr. 86-87, 201-13).  She alleged a disability onset date of March 14, 2010, and January 1, 2008, respectively.[1]  (Tr. 201, 208).  Her claims were denied initially and on reconsideration.  (Tr. 114-21, 129-35).  A hearing was held on February 4, 2013, before an Administrative Law Judge ("ALJ"), at which Ms. Trumpower was represented by counsel.  (Tr. 32-85).  Following the hearing, the ALJ determined that Ms. Trumpower was not disabled within the meaning of the Social Security Act during the relevant

---

[1] Ms. Trumpower's SSI application alleges a disability onset date of January 1, 2008.  However, at both the hearing and in her opinion, the ALJ stated that Ms. Trumpower alleged a disability onset date of March 14, 2010, for both claims.  The record does not indicate that Ms. Trumpower amended her disability onset date from that alleged in her application.

*Jennifer Trumpower v. Commissioner, Social Security Administration*
Civil No. SAG-14-2835
June 4, 2015
Page 2

time frame.[2]  (Tr. 17-31).  The Appeals Council denied Ms. Trumpower's request for review, (Tr. 6-10), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Trumpower suffered from the severe impairments of asthma, sarcoidosis, migraine headaches, depression, attention deficit/hyperactivity disorder ("ADHD"), and cervical spondylosis.  (Tr. 22).  Despite these impairments, the ALJ determined that Ms. Trumpower retained the residual functional capacity ("RFC") to:

> perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  The claimant can occasionally lift and/or carry 20 pounds and 10 pounds infrequently.  The claimant can sit and stand/walk each for 6 of 8 hours.  The claimant must be able to alternate between sitting and standing in place every hour.  The claimant can occasionally climb ramps and stairs, but never ladders, ropes or scaffolds.  The claimant can occasionally bend, stoop, kneel, crouch and crawl.  The claimant must avoid exposure to fumes, odors, dust, gasses and other pulmonary irritants.  The claimant must avoid exposure to hazards including machinery and heights.  The claimant is capable of performing simple and repetitive tasks or work with an SVP of no more than 2 in a non-production oriented work setting with no interaction with the public and no more than occasional interaction with co-workers and supervisors.

(Tr. 25).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Trumpower could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled.  (Tr. 30-31).

I have carefully reviewed the ALJ's opinion and the entire record.  *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings).  For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation.  The ALJ ruled in Ms. Trumpower's favor at step one and determined that she has not engaged in substantial gainful activity since her alleged onset date.  (Tr. 22); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  At step two, the ALJ then considered the severity of each of the impairments that Ms. Trumpower claimed prevented her from working.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).  In her correspondence to the Court, Ms. Trumpower questions the ALJ's failure to discuss her Lyme disease, which she contends causes chronic pain.  (ECF No. 24 at 1).  Notably, at step two of the sequential evaluation, the claimant bears the burden of production and

---

[2] With respect to Ms. Trumpower's DIB claim, the relevant time period is that between her March 14, 2010, alleged disability onset date and her June 30, 2010, date last insured.

proof.  *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).  At no point in her proceedings before the agency, however, did Ms. Trumpower argue or present any evidence indicating that Lyme disease was an impairment that impacted her ability to work.  *See* (Tr. 43-50, 223, 276).  Moreover, as noted above, the ALJ concluded that several of Ms. Trumpower's impairments were severe, thus determining that she satisfied the step two threshold.  After finding at least one severe impairment, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Ms. Trumpower's ability to work, specifically including her complaints of chronic pain.  *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).  Accordingly, I find no basis for remand.

At step three, the ALJ determined that Ms. Trumpower's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings.  (Tr. 23-25).  An ALJ is required to discuss listed impairments and compare them individually to listing criteria only when there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments."  *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999).  The ALJ noted that the record contained no opinion evidence from treating or examining physicians or psychologists indicating medical signs or findings that meet or equal any of the listings.  (Tr. 23).  Nevertheless, the ALJ considered the specific requirements of Listing 1.04, which pertains to disorders of the spine, Listing section 3.00, which pertains to respiratory disorders, Listing 11.03, which pertains to epilepsy, Listing 12.04, which pertains to affective disorders, and Listing 12.06, which pertains to anxiety related disorders.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.04, 3.00, 11.03, 12.04, 12.06.  I have carefully reviewed the record, and I agree that no listings are met.

In considering Ms. Trumpower's RFC, the ALJ first summarized Ms. Trumpower's subjective complaints, which included irresponsibility, difficulty concentrating, pain "all over," and limitations in sitting, standing, and walking.  (Tr. 25-26).  The ALJ then reviewed the medical records, which documented the treatment Ms. Trumpower received for her impairments. (Tr. 26-29).  The ALJ concluded that the record did not support Ms. Trumpower's allegations of disability, emphasizing that her activities of daily living—preparing dinner, washing dishes, doing housework, driving, doing laundry, playing board games, and attending school activities for her children, visiting her mother one to two times per week, cleaning the house daily, running errands, performing personal care, reading and occasionally using a computer, going to church— were inconsistent with her allegations.  (Tr. 28).  Likewise, the ALJ found Ms. Trumpower's routine and conservative course of medical treatment and relatively mild objective findings undermined her credibility.  (Tr. 28-29).  Finally, the ALJ noted Ms. Trumpower's non-compliance with recommended treatment.  (Tr. 29).  In her correspondence, Ms. Trumpower suggests that the ALJ mischaracterized her activities of daily living.  (ECF No. 24 at 3). However, after thoroughly reviewing both Ms. Trumpower's adult function reports and the transcript of her hearing before the ALJ, I find the ALJ's description is an accurate portrayal of Ms. Trumpower's testimony.  *See* (Tr. 264-71, 304-10).  Finally, the ALJ considered all of the opinion evidence in the record, including a psychological consultative examination report, a brief statement from Ms. Trumpower's treating licensed clinical social worker ("LCSW"), a mental

capacity assessment from Ms. Trumpower's treating certified registered nurse practitioner ("CRNP"), and evaluations by State agency physicians.  (Tr. 29) (citing Tr. 88-111, 510-18, 561, 562-64).  The ALJ determined that the record supported greater limitations than those opined by the State agency consultants, but lesser limitations than those opined by the consultative examiner and Ms. Trumpower's treating LCSW and CRNP.  (Tr. 29).

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971).  Even if there is other evidence that may support Ms. Trumpower's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

At step four of the sequential evaluation, the ALJ determined that, pursuant to her RFC assessment, Ms. Trumpower was unable to perform her past relevant work as a dental assistant.  (Tr. 29). Accordingly, the ALJ proceeded to step five, where she considered the impact of Ms. Trumpower's age and level of education on her ability to adjust to new work.  (Tr. 29-31). Relying on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 § 202.21, the ALJ correctly found that a younger individual with at least a high school education and a light RFC, is not disabled *per se*.  (Tr. 30).  Since Ms. Trumpower's RFC assessment contained additional limitations which impeded her ability to perform all or substantially all of the requirements of light work, however, the ALJ asked the VE whether jobs existed in the national economy that were suited to Ms. Trumpower's particular assessment.  (Tr. 76-78).  The VE testified that a person with Ms. Trumpower's RFC would be capable of performing the jobs of mail sorter, laundry folder, and stock checker.  (Tr. 78-79)  Based on the VE's testimony, the ALJ concluded that Ms. Trumpower is capable of successfully adjusting to other work that exists in significant numbers in the national economy.  (Tr. 30-31).  I find that the ALJ's determination was supported by substantial evidence.

With her correspondence, Ms. Trumpower submitted evidence of her 2003 Lyme disease diagnosis, notes from medical treatment she received subsequent to the ALJ's hearing decision, and other evidence that was already part of the record.  Because Ms. Trumpower submitted additional evidence that was not considered by the Commissioner, I must also consider whether remand is appropriate under sentence six of 42 U.S.C. § 405(g), which provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g).  Ms. Trumpower has not made any showing of good cause to explain why the evidence of her Lyme disease diagnosis was not submitted to the Commissioner, particularly given the fact that she was represented by counsel during the administrative process.  The

*Jennifer Trumpower v. Commissioner, Social Security Administration*
Civil No. SAG-14-2835
June 4, 2015
Page 5

subsequent medical treatment notes, on the other hand, were not material to the ALJ's decision since they post-dated that decision, and they do not appear to relate to Ms. Trumpower's status during the relevant time period.  *See Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991).  Those records, including the carpal tunnel release in 2014, would only be relevant to a new application for benefits with an onset date after February 21, 2013. Accordingly, the evidence Ms. Trumpower submitted with her correspondence does not warrant remand.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 22) is GRANTED.  The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge